## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISON

TRACY MARIE LAMPERSKI,    )
    )
        Plaintiff,    )
    )
v.    )
    )    CIVIL ACTION NO.
SHERIFF VICTOR HILL, in his individual    )
and official capacities, as Sheriff of Clayton    )
County Georgia, ERICA GOSSIER, in her    )    _____
capacity as a Clayton County Deputy Sheriff,    )
and JOHN DOE, in his individual capacity as    )
a Clayton County Deputy Sheriff,    )
    )
        Defendants.    )
    )

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND
## DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, TRACY MARIE LAMPERSKI, (hereinafter referred to as Plaintiff), by and through his counsel of record and files this her Complaint for Damages and Demand for Jury Trial against Defendants VICTOR HILL, in his individual and official capacity as Sheriff of Clayton County, Georgia, ERICA GOSSIER, in her capacity as a Clayton County Deputy Sheriff, and JOHN DOE, in his individual capacity as a Clayton County Deputy Sheriffs (hereinafter referred to collectively as Defendants).

1

## INTRODUCTION

1.

Plaintiff asserts the following claims against Defendant VICTOR HILL, in the above-captioned action:

a.      As the chief law enforcement officer for Clayton County, Sheriff VICTOR HILL, has promulgated and maintains, practices, procedures and law enforcement policies designed and implemented to deprive pre-trial detainees housed in the Clayton County jail of their federally protected rights to be free from the use of sadistic and excessive uses of force and unlawful punishment and restraint.

b.      Defendant Hill has failed to properly train and supervise his subordinate employees and had engaged in the negligent hiring and retention of Deputy Sheriffs officers who are prone to violent and unconstitutional uses of excessive force.

2.

Plaintiff hereby asserts the following claims against Defendants ERICA GOSSIER and JOHN DOE, in the above-captioned action:

a.      Violation of 42 U.S.C. §1983 – Use of Excessive Force under the Fourteenth Amendment to United States Constitution;

b.      Violation of 42 U.S.C. §1983 – Failure to Intervene to Stop Use of

Unreasonable and Excessive Force; and

c.      Common law Assault and Battery under the laws of the State of

Georgia.

## JURISDICTION AND VENUE

3.

This action is brought pursuant to 42 U.S.C. §§1983 and 1988, as well as the

Fourteenth Amendment of the United States Constitution.  Jurisdiction is founded

upon 28 U.S.C. §§1331 and 1343, as well as the aforementioned constitutional and

statutory provisions.  This court has supplemental jurisdiction over State law

claims pursuant to 28 U.S.C. §1367.

4.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 and other

applicable law because the cause of action arose in Clayton County, Georgia,

which is situated within the district and divisional boundaries of the Atlanta

Division of the Northern District of Georgia, and on the further grounds that

Plaintiff and Defendant, upon information and belief, are domiciled within said

district and division.

5.

All the parties herein are subject to the jurisdiction and venue of this Court.

## THE PARTIES

6.

Plaintiff TRACY MARIE LAMPERSKI is a citizen of the United States and the State of Georgia.

7.

Defendant VICTOR HILL, (hereinafter referred to as Defendant Hill) was, at all times relevant herein, the former Clayton County Sherriff and chief law enforcement officer in Clayton County acting within the scope of said employment. He is being sued in his individual capacity and official capacity. At all times relevant herein, the Defendant HILL acted under color of state law.

8.

At all times herein mentioned, Defendant ERICA GOSSIER (hereinafter referred to as Defendant Gossier) was an agent and/or employee of Defendant Clayton County Sheriff Victor Hill, and in doing or failing to do the things hereinafter alleged, Defendant Gossier was acting with malice under her discretionary authority as a Clayton County Deputy Sheriff.

9.

At all times herein mentioned, Defendant JOHN DOE (hereinafter referred to as Defendant Doe) were agents and/or employees of Defendant Clayton County Sheriff Victor Hill, and in doing or failing to do the things hereinafter alleged,

4

Defendant Doe was acting with malice under their discretionary authority as Clayton County Deputy Sheriffs.

## FACTUAL ALLEGATIONS

10.

On December 20, 2020, at approximately 8:17 p.m., Plaintiff was booked into the Clayton County Jail by K. Mayfield of the Clayton County Police Department as a pre-trial detainee for a misdemeanor criminal trespass charge that was never formally accused.  At the time of her booking, Plaintiff had no facial injuries or trauma to the head.  (See Exhibit "A").

11.

Shortly after Plaintiff was placed in a cell, Defendant JOHN DOE[1], a large, muscular unknown black male deputy, took Plaintiff out of her cell while handcuffed.  Without reason or provocation, Defendant DOE picked Plaintiff up several times and brutally and savagely slammed her head into the concrete floor causing her to lose consciousness.

---

[1]   Upon the completion of discovery, Plaintiff expects to identify Defendant JOHN DOE as former Deputy Raymon Sherod Winn.  Deputy Winn has a violent criminal history prior to and post-employment with the Clayton County Sheriff's Office.  In 2012, Deputy Winn was arrested and booked on charges of battery with Visible Harm by the City of Atlanta Police.  (See Exhibit "B").  In 2021, Deputy Winn was arrested and booked in Clayton County on charges of Cruelty to Children and Simple Battery.  (See Exhibit "C").  These charges remain pending.  Defendant Hill knew or should have known of Deputy Winn's violent propensities prior to his employment with the Clayton County Sheriff's Office.  Defendant Hill knowingly and callously disregarded the violent propensities of Deputy Winn in his decision to hire and retain Defendant Winn as a Clayton County Deputy Sheriff.

12.

Due to Plaintiff's loss of consciousness, Plaintiff is uncertain of Defendant GOSSIER's level of participation. However, Plaintiff is certain that Defendant GOSSIER was present during the assault and may have participated in the assault.

13.

Plaintiff was struck with hands and feet from several angles by Defendants DOE and GOSSIER.

14.

Shortly before the assault, Plaintiff was given commands to stand against the wall by Defendants DOE and GOSSIER, to which she complied. Defendants DOE and GOSSIER then repeatedly slammed her head into the floor, and pummeled her face and head, all while she was handcuffed and defenseless on the floor.

15.

At no time prior to the assault by Defendants DOE and GOSSIER did Plaintiff defy or disobey any command given to her by Defendants DOE and GOSSIER and at no time did she pose a threat to the safety of Defendants DOE, GOSSIER or other deputies.

16.

As a result of the assault, Plaintiff lost consciousness and sustained serious

bruises, facial contusions and other injuries. (See Exhibits "D," "E," and "F").

Plaintiff had a documented history of concussion, and the assault worsened her

condition. (See Exhibit "G").

17.

Jail medical records authored by Charles Clopton, Jr., MD indicate that

Plaintiff suffered the following injuries from the beating administered to her by

Defendants DOE and GOSSIER:

a) Left orbital facial contusion;

b) Ecchymosis of left infra-orbital eye;

c) Large yellow emesis or vomiting; and

d) Complaints of head pain.

(See Exhibit "H").

18.

Jail medical records authored by Charles Clopton, Jr., MD falsely indicate

that Plaintiff suffered from drug dependence (See Exhibit "H"), despite conflicting

records that indicate "no drug or alcohol use" from an independent medical

facility. (See Exhibit "G").

19.

After the assault of Plaintiff by Defendants DOE and GOSSIER and after

being in the Clayton County Jail for just over three (3) hours, Plaintiff was

administratively sentenced to four hours in the Restraint Chair for "disciplinary reasons" from December 20, 2020 11:36 pm to December 21, 2020 at 3:36 a.m. (See Exhibit "H").

## 20.

Defendant HILL has a long and well documented inglorious history of malfeasance and misfeasance in office, not the least of which is his recent conviction for violations of the civil and constitutional rights of pre-trial detainees housed in the Clayton County Jail under Criminal Indictment No. 1:21-CR-143. (See Exhibit "I").

## 21.

The use of the Restraint Chair in the method and manner it is used in the Clayton County Jail under the official direction of Defendant HILL as the chief law enforcement officer in Clayton County, violated Plaintiff LAMPERSKI's rights under the Due Process Clause of the Fourteenth Amendment.

## 22.

While held for three (3) days at the Clayton County Jail, Plaintiff was unable to satisfy the administrative remedy exhaustion requirement set forth in the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) because an administrative remedy was not available at the time of the incident complained of in this Complaint.

23.

During her brief confinement in Clayton County Jail, Plaintiff was not informed about the purported grievance procedure at Clayton County Jail. Plaintiff was also not informed about the kiosk system or given a writing instrument and grievance form, nor did she participate in orientation.

24.

Plaintiff was beaten and sentenced to the restraint chair within approximately three (3) hours of booking and spent the remainder of her time in the special needs unit of the infirmary. (See Exhibit "H").

## CAUSES OF ACTION

### COUNT ONE

**CLAIM PURSUANT TO 42 USC 1983**
**Fourteenth Amendment Violation**
**Unreasonable and Excessive Use of Force**
**(Defendant JOHN DOE and ERICA GOSSIER,**
**in their Individual Capacities)**

25.

Plaintiff incorporates by reference the previous paragraphs of this Complaint in the Factual Background section, specifically paragraphs 9 - 24, as if fully re-stated herein.

26.

The Fourteenth Amendment's provides freedom from deprivations of liberty

without due process of law, which includes the right to be free the unreasonable uses of force by law enforcement officers, amounting to pre-adjudication non-judicial punishment.

27.

At all times herein mentioned, Defendants DOE and GOSSIER had a duty to observe, recognize, and uphold Plaintiff's civil rights which are protected by the Constitution of the United States.

28.

The conduct of Defendants DOE and GOSSIER in assaulting and battering Plaintiff during her confinement in the Clayton County Jail, while she was compliant and after she was handcuffed, violated her Fourteenth Amendment rights.

29.

The law was clearly established in December of 2020 that a vicious assault on an unresisting and handcuffed pre-trail detainee amounts to the use of excessive force under the Fourteenth Amendment.

30.

The actions of Defendants DOE and GOSSIER in assaulting and battering the Plaintiff while she was compliant and after she was handcuffed and defenseless was objectively unreasonable under the circumstances.

31.

The actions of Defendants DOE and GOSSIER in assaulting and battering the Plaintiff caused her extensive physical pain and injury to the extent that she required medical treatment to her face and head and will require additional medical treatment and therapy.

32.

Defendants DOE and GOSSIER are liable to the Plaintiff for general, compensatory, and special damages as may be proven at trial.

**COUNT TWO**

**CLAIM PURSUANT TO 42 USC 1983**
**Fourteenth Amendment – Failure to Supervise and Train**
**(Defendant VICTOR HILL,**
**in his Individual and Official Capacity)**

33.

Plaintiff incorporates by reference the previous paragraphs of this Complaint in the Factual Background section, specifically paragraphs 9 - 24, as if fully re-stated herein.

34.

Both municipalities and supervising officers, may be held liable under 42 USC §1983 for a failure to train subordinate officers.

35.

A municipality may be held liable for the failure to train its employees when

the failure to train amounts to deliberate indifference to the rights of persons with whom law enforcement officers come into contact with.

36.

At all times relevant to this action, Defendant HILL was deliberately indifferent to the rights of pre-trial detainees housed in the Clayton County jail by allowing customs and practices he established within the Clayton County Sherriff's Office to create a systemic culture permissive of the deprivation of constitutionally protected rights whereby officers were allowed to commit acts of excessive force against pre-trial detainees housed in the Clayton County jail with impunity.

37.

The unconstitutional customs and practices complained of take the form of both lethal and non-lethal uses of force by Clayton County Sheriff's officers.

38.

The unconstitutional systemic customs and practices complained of include, but are not limited to: (a) the failure to adequately and completely investigate instances of the unlawful use of force; (b) tolerating deputy Sheriff's officers filing false and fictitious incident reports in cases involving the use of force; (c) lowering hiring standards and background investigations to the extent that persons prone to violence against pre-trial detainees are allowed to be employed in the Sheriff's office; and (d) the unconstitutional use of the Restraint Chair;

12

administrative segregation and dietary restrictions as a method of punishment beyond any legitimate institutional disciplinary control measures.

39.

Defendant HILL knew of a need to train and/or supervise his officers but made a deliberate choice not to take any action to train, re-train, or more closely supervise, and discipline his Sheriff's officers.

40.

The hiring, retention and supervision of Defendants DOE and GOSSIER was the result of policies, practices, customs, and procedures intentionally and deliberately adopted, which allowed known rogue officers to continue in their positions as Deputy Sherriff's officers despite numerous incidents of their commission of unchecked uses of excessive force.

41.

Defendant HILL, as the former chief law enforcement officer for Clayton County was the final decision maker for policies, practices, customs, and procedures that were the foundation for the systemic excessive uses of force on pre-trail detainees in the Clayton County jail. His policies, practices, customs, and procedures were intentional, deliberate, and indifferent to the rights of the Plaintiff and other Clayton County pre-trial detainees.

42.

As a direct and proximate cause of the Defendant HIIL's unlawful actions, Plaintiff has incurred and will continue to incur economic damages including lost wages, loss of economic opportunity, attorney's fees and costs, as well as other economic damages in an exact amount to be proven at trial.

## COUNT THREE

### CLAIM PURSUANT TO 42 USC 1983
### Fourteenth Amendment Violation
### Failure to Intervene to Stop Use of Unreasonable and Excessive Force
### (Defendant GOSSIER, in her Individual Capacity)

43.

Plaintiff incorporates by reference the previous paragraphs of this Complaint in the Factual Background section, specifically paragraphs 9 - 24, as if fully re-stated herein.

44.

The Fourteenth Amendment encompasses the right to be free from the use of excessive force as a pretrial detainee.

45.

At all times herein mentioned, the Defendant GOSSIER had a duty to observe, recognize, and uphold Plaintiff's civil rights which were protected by the Constitution of the United States.

46.

The conduct of Defendant DOE and GOSSIER in assaulting and battering the Plaintiff when Plaintiff was compliant and handcuffed was objectively unreasonable.

47.

The law was clearly established in December of 2020 that the failure of a fellow deputy to intervene when excessive force takes place in her presence where the officer has the ability to intervene to stop the use of excessive force but fails to do so is a violation of a person's Fourteenth Amendment rights.

48.

The actions of Defendant GOSSIER not to intervene to prevent Defendant DOE from using excessive force against Plaintiff was objectively unreasonable under the circumstances. Defendant GOSSIER is therefore liable for her failure to intervene to stop the application of excessive force by Defendant DOE upon the Plaintiff.

49.

Defendant GOSSIER witnessed Defendant DOE repeatedly slam Plaintiff's head into the floor, and pummel her face and head, all while Plaintiff was handcuffed and defenseless on the floor and posed no threat to the safety of the Defendants DOE and GOSSIER.

50.

Defendant GOSSIER had a constitutional duty to intervene and stop the unlawful assault upon the Plaintiff being administered by Defendant DOE.

51.

Defendant GOSSIER did not intervene to stop the assault being carried out in her presence by Defendant DOE, even though she had the opportunity and ability to prevent Defendant DOE from assaulting Plaintiff, a slightly built diminutive female.

52.

The law was clearly established in December of 2020 that a deputy is liable for failing to intervene when another deputy uses excessive force, if the deputy is in a position to intervene and fails to do so.

53.

The actions of Defendants DOE and GOSSIER in assaulting and battering the Plaintiff caused her extensive physical pain and injury to the extent that she suffered a concussion that was untreated by the Clayton County Jail.  Plaintiff will require additional medical treatment and therapy due to the trauma resulting from the assault.

54.

Defendant GOSSIER is liable to the Plaintiff for general, compensatory, and special damages as may be proven at trial for her failure to intervene to stop the

16

assault carried out on her person by Defendant DOE and for assisting in the assault by Defendant DOE.

## COUNT FOUR

### VIOLATION OF STATE TORT LAW
### ASSAULT and BATTERY
### (Defendants JOHN DOE and ERICA GOSSIER, in their Individual Capacities)

55.

Plaintiff incorporates by reference the previous paragraphs of this Complaint in the Factual Background section, specifically paragraphs 9 - 24, as if fully re-stated herein.

56.

The acts and omissions of Defendants DOE and GOSSIER alleged herein were committed in the course and scope of his employment with the Clayton County Sheriff's Office and in the performance of his official functions.

57.

The defense of official immunity has been waived to the extent that Defendants DOE and GOSSIER acted out of malice and with the deliberate intent to cause injury.

58.

The acts and conduct of Defendants DOE and GOSSIER alleged herein constitute common law assault and battery, under the laws of the State of Georgia.

17

59.

As a direct and proximate result of the Defendants' acts and omissions, the

Plaintiff sustained serious and permanent injuries.

60.

This Court has pendent and supplemental jurisdiction to hear and adjudicate

these claims.

## COUNT FIVE

### ATTORNEYS' FEES & COSTS
### and EXPENSES OF LITIGATION
### (All Defendants)

61.

Plaintiff incorporates by reference the previous paragraphs of this Complaint

in the Factual Background section, specifically paragraphs 9 - 24, as if fully re-

stated herein.

62.

It was necessary for Plaintiff to retain the undersigned attorneys to file this

action.  Upon judgment, wherein the Plaintiff becomes the prevailing party,

Plaintiff will be entitled to an award of attorneys' fees and the costs and expenses

of litigation pursuant to 42 U.S.C. §1988(b) and FRCP 54.

## DAMAGES

63.

As a direct and proximate result of the conduct and actions of Defendants and each of them, Plaintiff suffered the following injuries and damages:

a.      Physical pain and mental anguish in the past and future;

b.      Physical impairment in the past and future;

c.      Lost earnings;

d.      Damages to earning capacity; and

e.      Pain and suffering.

**WHEREFORE** Plaintiff TRACY MARIE LAMPERSKI prays for judgment against Defendants VICTOR HILL, in his individual and official capacity as Sheriff of Clayton County; Defendant ERICA GOSSIER, in her individual capacity, as a Clayton County Deputy Sheriff; and Defendant JOHN DOE, in his individual capacity and each of them, as follows:

a.      For special damages, according to proof at time of trial;

b.      For lost wages and diminished earning capacity according to proof at trial;

c.      For general and compensatory damages, according to proof at trial;

d.      For prejudgment and post judgment interest;

e.      For punitive and exemplary damages as determined by the

19

enlightened conscious of the jury;

f.      For costs of suit incurred herein, including attorneys' fees; and

g.      For such other relief that the Court may deem just and appropriate.

This 20th day of December 2022.

Respectfully submitted,
**WAYNE B. KENDALL, P.C.**

*/s/ Kimberly A. Ellison*
KIMBERLY A. ELLISON
Georgia Bar No. 141716
kimberly@waynebkendallpc.com
WAYNE B. KENDALL
Georgia Bar No.: 414076
wayne@waynebkendallpc.com

*Attorneys for Plaintiff*

155 Bradford Square, Suite B
Fayetteville, GA 30215
Telephone: (678) 884-6084
Facsimile: (770) 716-2439

## DEMAND FOR JURY TRIAL

Plaintiff TRACY MARIE LAMPERSKI hereby demands a trial by jury on all issues triable to a jury.

This 20th day of December 2022.

Respectfully submitted,
**WAYNE B. KENDALL, P.C.**

*/s/ Kimberly A. Ellison*
KIMBERLY A. ELLISON
Georgia Bar No. 141716
kimberly@waynebkendallpc.com
WAYNE B. KENDALL
Georgia Bar No.: 414076
wayne@waynebkendallpc.com

*Attorneys for Plaintiff*

155 Bradford Square, Suite B
Fayetteville, GA 30215
Telephone: (678) 884-6084
Facsimile: (770) 716-2439

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing

**Complaint for Damages** has been prepared in Times New Roman 14, a font and

type selection approved by the Court in L.R. 5.1(B).

This 20th day of December 2022.

<div style="margin-left:auto;">

Respectfully submitted,
**WAYNE B. KENDALL, P.C.**

*/s/ Kimberly A. Ellison*
KIMBERLY A. ELLISON
Georgia Bar No. 141716
kimberly@waynebkendallpc.com
WAYNE B. KENDALL
Georgia Bar No.: 414076
wayne@waynebkendallpc.com

*Attorneys for Plaintiff*

</div>

155 Bradford Square, Suite B
Fayetteville, GA 30215
Telephone: (678) 884-6084
Facsimile: (770) 716-2439